**BARRY et al. v. STUDEBAKER CORPORATION et al.**

No. 6961.

Circuit Court of Appeals, Seventh Circuit.

May 8, 1940.

Rehearing Denied July 1, 1940.

Patrick J. Lucey, Charles S. Wilson, Casper W. Ooms, all of Chicago, Ill., for appellant.

Frank Parker Davis and Leroy C. Shonts, both of Chicago, Ill., for appellee.

Before MAJOR, TREANOR, and KERNER, Circuit Judges.

TREANOR, Circuit Judge.

Plaintiffs-appellants have appealed from a decree dismissing, for want of equity, their bill alleging infringement of letters patent and praying for damages, accounting, and injunctive relief.

Plaintiffs are the owners of Barry patent No. 1,422,167, which relates to a claimed improvement in wheels intended primarily for use in the automotive industry. The patent treats the wheel as a combination of three structural units described by plaintiffs as follows: "The hub structure, by which the wheel is rotatably supported upon an appropriate axle; the felly or rim structure, which bears a tire; and the intervening supporting or 'spoke body structure', as the patent calls it." The patent claims alleged to be infringed by defendants' accused device relate only to the "spoke body structure" of the wheel.

The "spoke body structure" is composed of two telescoped complementary members, each of which is formed from a sheet metal blank by two operations: (1) a cutting process which forms each metal blank into a series of radial spokes extending from the central, or hub portion, of the spoke body structure; and (2) a drawing operation which forms a flange around the outermost edge of each of the two complementary plate members, such flange being continuous and "somewhat undulatory in its progress around the body drawn substantially at right angles and integrally from the respective body plate * * * as the case may be." The undulating flange on one of the complementary members is so drawn that the body size, including the spoke bar width, etc., is sufficiently smaller than the other complementary blank to enable the two sides of the spoke body to be telescopically shrunk or forced together, with one of the undulating flanges directly under or within the other. As indicated by the foregoing description the flange follows the outer edge of each complementary side of the spoke structure without interruption, so that the top or end of each hollow box-like spoke is covered by the telescoped flanges.

The purpose of plaintiffs' patent was to provide a metal spoke body structure which would be relatively light in weight and also strong and durable. Plaintiffs' device has not been used commercially.

Defendants' accused device is a one piece spoke body structure formed from a single metal blank. It has been put to practical use and has been commercially successful. Defendants' device has fourteen short spoke-like stubs emanating from a main central body. A wheel with defendants' form of spoke body structure is known as a single conical disk wheel. The central disk and the hub structure area allowed for therein occupy the major portion of the area inclosed by the rim structure.

Plaintiffs' device, as illustrated, has six long spokes emanating from the central portion and is known as a spoke-type wheel, the spoke area in plaintiffs' device occupying the major portion of the area inclosed by the rim structure. The single conical disk, which comprises the "spoke body structure" of defendants' device, has a flange which follows the outer edge of the central portion of the disk and of the

stub-spokes, and which, therefore, is properly described as undulatory. This flange is not at right angles to the central body and spokes as in plaintiffs' device. In defendants' device the surface of the metal of the central body and spokes curves uniformly inwardly and as a result the inside surface of both the central portion and of each spoke is an open concavity. The end of each channeled spoke is covered by a flat surface which is part of the single metal blank from which the entire spoke body structure is stamped. In general the form of plaintiffs' spoke structure may be described as undulating, and may be said to have a curved flange which follows the outer edge of the central portion and of each spoke without interruption so that the top, or end, of each spoke bears a covering flange.

The validity of claims 5, 6, 7, and 9 of the Barry patent was put in issue and the District Court held that the claims were all anticipated and therefore invalid. If the District Court was correct in holding those claims invalid all questions presented on appeal must be decided against appellant. We shall first consider the question of validity.

Plaintiffs insist that the distinctive element of invention is supplied by the flanging method used. The prior art discloses spoke structures with flanges but plaintiffs maintain that their device is unique in carrying the flange over the top of each spoke and thereby inclosing it. It is contended that this feature is novel and is of utility in providing greater support strength.

■ A flange is defined by plaintiffs' witnesses as a "metal portion extending at an angle to a plate or sheet." Plaintiffs' device, as drawn, is a hollow, flat structure with box-like spokes, since the flange of each complementary member extends at right angles to the surface plane of the spokes and central portion and the two stampings are "telescopically shrunk or forced together." The spokes in defendants' device are U-shaped and form open concave channels. The use of flanging in the art of metal working is old and there is no novelty in the use of flanges for the purpose of joining, or combining, complementary members to form hollow metal structures. Such structures may be formed by "telescoping" or welding together the complementary members or by combining the telescoping and welding methods.

The patent disclosures of the prior art of metal wheel making includes, among others, the following:

Lefler, No. 775,831, discloses a wheel with sheet metal spokes, each spoke having an end flange integral with side flanges. The spokes are not formed as an integral part of the "spoke body structure", but are bolted to the hub element and riveted to the rim structure. While Lefler, therefore, does not show a unitary spoke body structure with a continuous flange, it does show that it is old to employ a flange over the end of a spoke, the end flange being integral with the side flanges.

Johnston and Kraner, No. 1,382,089, discloses a spoke structure having spokes with flanges extending at right angles from a central body along the sides and over the ends of the spokes. The patent claim states it thus: "the edges * * * about said spokes and between said spokes being flanged at right angles to the plane of said member." The Johnston device, as manufactured, departs from the above claim by bending or doubling the side flanges against the spoke, which is in form a flat solid metal strip. There is a slit or cut between the top of the side flanges and the end flange to permit the bending of the side flanges inwardly while keeping the end flange at right angles to the spoke.

Olsen, No. 1,213,241 shows a spoke structure with a main central body which has a continuous undulatory flange around it, the spokes emanating from the central body and each spoke having a flange which continues integrally along its sides. The top of each spoke is structurally an end flange, integral with and a continuation of the side flanges, although the language of the claim in Olsen does not speak of a flanged spoke but of "channel spokes having conical sockets at the outer end thereof of less depth than the width of said spokes * * *." The socket forms a part of the fastening means used to connect a demountable rim to the spokes of the wheel or a felly thereof. There is present in Olsen a spoke structure of a single unit construction having a central body and spokes with an integral flange undulating between the spokes and along the sides and over the outer ends of the spokes. Plaintiffs urge that Olsen is distinguishable on two grounds: (1) the indented feature of the outer end of the Olsen spoke, and (2) the fact that Olsen's wheel is a cast iron wheel instead of a stamped one. The indented feature is a

means to accommodate the particular attaching method used by Olsen by which the spokes are connected to the rim, and the means of attaching spokes to the rim is not involved in this case. In respect to the claimed distinction between cast iron and stamping it should be noted that although the claims of plaintiffs' patent relate to a metal spoke body structure made by a stamping, yet no stamping process is disclosed or discussed. No doubt the method of stamping or drawing is of practical utility in the actual production of plaintiffs' spoke body structure, if plaintiffs' idea is to be expressed in physical form by a spoke body structure composed of two telescoped,. complementary members, each complementary member having an undulating flange. But if, as plaintiffs insist, their idea is comprehensive enough to cover spoke body structures composed of a single metal member, it would seem to follow that for such a structure, the utility of stamping over casting would be lost and that neither functional nor structural advantage could be claimed for stamping over casting.

■■ Furthermore, the process of making a spoke body structure which is covered by the claims of plaintiffs' patentable idea is not material to the question of whether another structure anticipates or infringes plaintiffs' patent, since the patent is not a process patent. The law of infringement cannot be evaded merely by change of material, or of method or process of production, when the patentable idea covers a physical structure; nor can prior art so easily be transmuted into present invention or distinguished therefrom.

Parker, No. 1,294,825, relates to a wheel with a spoke body structure of two stampings, and makes use of a continuous undulating flange. The two stampings are welded together instead of being "telescopically shrunk or forced together." The end flange does not cover the end area of the spoke, although the flange is continuous over the spoke end of one of the stampings, except that there is a slit extending from the inner edge partly across the end flange of the stamping. For the length of the slit, which breaks the continuity of the end flange, the end flange is divided into two parts or sides; and Parker folds one portion, or side, over the other so that there is an overlapping for a short distance; also he recognizes that the edges of the

two parts of the end flange could be brought together in the same plane. If desirable the two sections can be welded together after they are overlapped or after the edges are brought together. Parker's disclosures clarify the problem of stamping end flanges. But this is immaterial since plaintiffs' claimed patent does not concern itself with any of the problems of the process of stamping, although from a practical standpoint it appears that the real problems in the use of end flanges integral with side flanges relate to the stamping process and to the devising of an appropriate and effective means of attaching the spokes to the rim.

Smith, No. 1,347,183, discloses a single member wheel having spokes with U-shaped flanges, which flanges are integral with the flange about the edge of the main central body from which the spokes emanate. According to plaintiffs' interpretation of the Smith patent the inwardly curving end of the spoke has a top flange extending inwardly a distance less than the depth of the side flanges; and plaintiffs contend that such end, or top flange, is merely an extension of the face of the spoke bent inwardly; and this extension, according to plaintiffs, is unconnected with the side flanges and in that respect differs materially from the flange structure in Barry. It is clear that the top flange does not completely cover, or inclose, the inwardly curving end of the spoke; but defendants contend that Smith's drawings, when properly construed in connection with descriptive matter in the patent, show the top flange to be structurally an end flange which is integral, and continuous, with the side flanges, although not extending inwardly over the curving end of the spoke the entire width of the side flanges. It is undisputed that the open portion of the space, at the end of each spoke and between the side flanges, is occupied by a bolt and head piece device to attach the spoke structure to the rim. In order to use this particular method of attachment it was necessary that the top flanges not cover completely the end of the spoke.

■ The difference of opinion between the plaintiffs and defendants as to the form of construction of the top flange arises from divergent interpretations of the drawings of the patent. A question of draftsmanship is involved and the expert evidence was not in accord on the structural

significance of the patent drawings. Since there was evidence indicating that it was as consistent with the drawings and specifications to construct the spokes in the manner suggested by defendants as it was to follow plaintiffs' construction, and since defendants' construction was not inconsistent with the claims of the Smith patent, the District Court's finding on this point, which was favorable to defendants' contention, must be accepted since it was supported by substantial evidence.

If Barry's invention is limited to a spoke type wheel made out of two metal stampings which are "telescopically shrunk or forced together" producing a hollow metal structure with box-like spokes, we find such type of spoke body structure used not only in the Parker patent, but also in Baker No. 1,123,065 and Phipps No. 735,812. In Baker and Parker the stampings are welded together while in Phipps they are riveted together. Also, the general idea of telescoping two stampings is found in Custer No. 1,150,103 which combines welding and telescoping of the "half spoke sections." The Parker wheel anticipates in structure the Barry wheel with the exception that the side flanges of one member of the spoke do not continue over the spoke end, and the side flanges of the other member, although extending over the end of the spoke, do not form a continuous cap. As already pointed out, Parker bends the metal over and either folds one portion of it upon the other or keeps the two portions on the same plane and brings their edges together. Welding the parts together would not require invention and would make a cap over one member of the spoke continuous and integral with the side flanges. Apparently the end area of one member of the spoke is left uncovered to facilitate rim attachment. But the continuity of the end flange in the prior art cannot be considered essential to anticipation since Barry states that the continuity may be dispensed with "without departing from the main features of the invention." The full statement is as follows: "While I much prefer that the flange be continuous, as described, yet in some instances the end portion b, or some of it, may be omitted, without departing from the main features of the invention."

If the Barry patent is broad enough to read upon defendants' structure, which is of the single metal stamping type, we think it is clearly anticipated by the prior art of Smith and Olsen.

 In view of the prior art disclosed in the various patents, we conclude that claims 5, 6, 7 and 9 of the Barry patent in suit involve neither originality nor novelty in the art and are invalid for want of invention.

The judgment of the District Court is affirmed.